HUGH GELSTON *vs.* ALBERT SIGMUND.

*Appeal—Landlord and Tenant—Code—Discovery and Injunction.*

When an appeal is taken from an order granting an injunction, and an appeal bond is given, the injunction is stayed, and its operation suspended, pending the appeal.

To a proceeding instituted by A., in virtue of the 53d Article of the Code of Public General Laws, against B., his tenant, for a term which ended on the 30th of June, 1866, to obtain restitution of the possession of the premises, it would be no answer or legal defence to show that A. had made a contract of lease of the same to C., to commence on the 1st of July, 1866. Under his contract A. would be bound to give C. possession of the premises, and would therefore be entitled to maintain his proceeding under the Code to oust B., his tenant, wrongfully holding over; such a lease to commence after the termination of B.'s term, was executory merely, and would furnish no legal ground for asserting that there was an outstanding adversary title in C. as against A., such as is mentioned in the 5th section of the 53d Article of the Code.

And B. would not be entitled upon the allegation of such adversary title in C. to a production of the evidences of A.'s title to the premises, and to an injunction to restrain him from proceeding to enforce his judgment, recovered in the proper tribunal, for a restitution of the same.

APPEAL from the Circuit Court of Baltimore City.

In this case a bill was filed by the appellee asking for the production of certain evidences of title, and for an injunction to restrain the appellant from further proceedings in a case in the Court of Common Pleas in Baltimore city, wherein the appellant was plaintiff and the appellee defendant, and in which a judgment had been obtained by the former in proceedings instituted under the provisions of Article 53 of the Code of Public General Laws, to dispossess the latter of certain premises on Baltimore and Charles streets in the city of Baltimore. The Circuit Court, by order of the 19th of December, 1866, directed the injunction to issue as prayed, and from this order the appellant, having first filed his answer, took this appeal. The ground upon which the interposition

of a Court of Equity, by injunction, was sought, is sufficiently set forth in the opinion of the Court.

The cause was argued before BOWIE, C. J., BARTOL, WEISEL and CRAIN, J.

*Thales A. Linthicum* and *Julian I. Alexander* for the appellant, argued:

That the bill in this case being one for discovery, and not for relief, the injunction erroneously issued, unless the complainant showed himself entitled to the discovery prayed. It is merely a *"fishing bill."* The complainant does not allege or pretend any interest or title in the premises in himself, nor does he set forth with certainty and particularity the deeds or evidences of title required to be discovered, nor does he allege that the facts sought to be discovered are indispensable as proof to any case in which he is concerned, and his inability to prove the facts save by answer of the appellant; without which material averments the discovery will not be required. *Oliver vs. Palmer and Hamilton*, 11 *G. & J.*, 426 ; *Story's Eq. Plead.*, 318, 319 ; *Gelston vs. Hoyt*, 1 *John. Chan.*, 548. The right to a discovery extends only to facts material to the *complainant's* case, and not to the title of, or to the facts material to the defendant's case, and a demurrer to the bill for these reasons would be sustained. *Story's Equity*, sect. 1497. Where the application is made to the Court for a discovery and injunction, the Court, before requiring an answer or granting an injunction, is bound to examine the pleadings as they stand at the time of the application, and of its own motion inquire into the materiality or sufficiency of the averments to sustain the prayer of the bill, and if the averments of the bill are insufficient and demurrable, neither the discovery nor injunction should be granted. Demurrers not being favored in Maryland, and the defendant having the right to all the advantages

Gelston *vs.* Sigmund.

of a demurrer by answer aptly drawn, to the same defence as by demurrer, (*Alexander's Chancery, p.*    ,) the Court should see that the averments, if answered affirmatively, are sufficient to maintain the bill, before ordering its process or interfering by injunction.

The complainant's case as it was presented to the Court below by the averments contained in this present bill, and by the proceedings of the cause in the same Court, to which it refers, shows:

1st. That there was a judgment rendered by a justice of the peace against the complainant, (he having waived a trial,) by which it was determined that his interest in the premises in question, determined with the termination of one year from the 1st day of July, 1865, and this judgment was upon his appeal to the Court of Common Pleas affirmed, after verdict and judgment of restitution, &c., rendered against him.

2d. That the complainant filed his motion for a new trial in said Court, which motion is still pending.

3d. That the appellant (the defendant in that motion,) was anxious to have that motion argued and determined.

4th. That in order to prevent the hearing and determination of that motion, the complainant filed his original and amended bills in the Circuit Court of Baltimore city, and obtained therefrom an injunction restraining the appellant from arguing that motion, or attempting to have the same heard and determined.

5th. That Gelston, the appellant in this case, and Meyenberg, the defendants to said original and amended bills, filed their answers thereto, and a paper writing (a copy of which is filed in this cause) was produced by Gelston as part of his answer.

6th. That Gelston and Meyenberg then appealed to this Court from the orders granting said injunction, and filed the requisite appeal bond.

7th. That such appeal and bond dissolved the injunction granted.

8th. That the answers of the defendants as above, were full and complete answers to said original and amended bills, and the averments and charges therein stated, were positively and directly denied, and all the pretended equities of the complainant sworn away and denied.

9th. That the proceedings in said cause were all in the Circuit Court of Baltimore city.

Such being the state of the case at the time the injunction in this case was granted, it is respectfully submitted, that the Court below erred in granting the injunction, because it should have examined the whole case before granting it, and the proceedings upon the original and amended bills of complaint being in the same Court, to which answers had been filed, denying and flatly contradicting the averments and equities of the complainant—and the complainant having referred to said proceedings, the Court could not disregard the facts set forth in said answers. *Bell vs. Purvis et al.*, 15 *Md. Rep.*, 22. And to do so would simply be acting upon only a part of the case, in violation of law and of the plain rules of evidence. The application for this injunction is similar to an application by motion to reinstate an injunction dissolved on bill and answer; in such instances the case is heard as it stands at the time of the motion—the answer forming a part of the case to be determined. *State vs. Northern Central Railway Co.*, 18 *Md. Rep.*, 193.

And the proceedings in the above cause being in the same Court, (and now in this Court likewise on appeal,) and being referred to as a fact or for facts in a case, they are as much a part of that case as if actually transcribed therein. *Co. Lit. 4 b.; Phelps vs. Stewart*, 17 *Md. Rep.*, 231. But if this Court shall determine that said proceedings are not part of the present appeal, then the Court below should have required the filing of said proceedings

Gelston *vs.* Sigmund.

as part of this case before granting injunction, and it erred in granting the injunction without it. Where documentary evidence is referred to, it should be produced before injunction is granted. *Haight & O'Connell vs. Burr*, 19 *Md. Rep.*, 130 ; *Mahany et al. vs. Lazier et al.*, 16 *Md. Rep.*, 73 ; *Nusbaum & Bowes vs. Stein et al.*, 12 *Md. Rep.*, 318 ; *Eyler & Matthews vs. Crabbs*, 2 *Md. Rep.*, 137 ; *Union Bank of Md. vs. Poultney & Ellicott*, 8 *G. & J.*, 324. A contrary rule will have the effect of allowing a party by his mere oath to prove the contents of a paper writing and violate the rule of evidence which requires the writing itself to be produced, and place the Court in the position of acting judicially upon a case or evidence not before it ; a Court cannot construe a writing without having it before it, and equity requires full and candid disclosures. *Canton Co. of Balto. vs. N. C. R. W. Co.*, 21 *Md. Rep.*, 383 ; *Keighler et al. vs. Savage Munufacturing Co.*, 12 *Md. Rep.*, 383. The bill further shows, that the alleged equities were presented as a defence in the Court of Common Pleas as an appellate Court—a Court of competent jurisdiction— which heard and had actually determined the facts stated in the bill, according to the law and *the equity*, and the right of the matter. And it is submitted that the judgment of that Court is conclusive and final. *Lyday vs. Douple et al.*, 17 *Md. Rep.*, 188 ; *Gott and Wilson vs. Carr*, 6 *G. & J.*, 312 ; *Briesch vs. McCauley*, 7 *Gill*, 189 ; *Chappell et al. vs. Cox*, 18 *Md. Rep.*, 513. An estoppel bars and concludes parties and privies in pleading and evidence at law and in equity, from impeaching, controverting or denying the facts thereby determined.

And the Court below should not have assumed jurisdiction to review the decision of said Court, or have granted an injunction, as to do so was in effect to entertain an appeal from the verdict and judgment of that Court. *Contee vs. Cook*, 2 *Harr. & Johns.*, 179 ; *Richardson et al. vs. Mayor and City Council of Baltimore*, 8 *Gill*, 433 ;

*Alexander and Wilson vs. Mayor and City Council of Baltimore,* 5 *Gill,* 383 ; *Fowler vs. Lee,* 10 *G. & J.,* 358 ; *Gardner vs. Jenkins,* 14 *Md. Rep.,* 58 ; *Boyd et al. vs. Ches. & Ohio Canal Co.,* 17 *Md. Rep.,* 195 ; *Withers et al. vs. Denmead,* 22 *Md. Rep.,* 135 ; *Reeves vs. Cooper,* 1 *Beasley,* 223.

The cases made by this bill, and the original and amended bills, to which it refers, against Gelston and Meyenberg, are identically the same, and having knowledge of the filing of the original and amended bills and facts in said cause, the Court should have dismissed this last bill summarily, as the application was vexatious and oppressive, and a mockery of justice. *Wood vs. Bruce,* 9 *G. & J.,* 215 ; *Brown and Wallace vs. Wallace and Mitchell,* 4 *G. & J.,* 494 ; *Hoffman's Practice,* 89. The appeal from the orders granting the injunction on the original and amended bills against Gelston and Meyenberg, and the filing of their appeal bond dissolved the injunction therein issued, and the Court below had no right to deprive the appellants of the rights secured by that appeal, and the Court was without jurisdiction to stay the effect of that appeal by injunction. *Blondheim et al. vs. Moore,* 11 *Md. Rep.* 365 ; *McCann vs. Taylor,* 10 *Md. Rep.* 418. And the injunction did so stay the effect of that appeal, and the appeal itself, until answer and appeal in this case. *Little vs Price,* 1 *Md. Ch. Dec.,* 182.

However inconvenient it may be, the law in Maryland is settled, that an appeal and bond dissolve an injunction, and no Court has the power to suspend laws, or the execution of laws, without the authority of the Legislature. *Bill of Rights, Arts.* 9 *and* 19. Independent of these considerations the appeal and bond suspended the jurisdiction of the Court below until the appeal was heard and determined, and the granting of the injunction was an invasion and assumption by the Court below of the jurisdiction of this Court. The right of possession of the premises in question was and is in the appellant Gelston.

5 *Bacon's Abr.*, 631, (*M.*,) 643, (*P.*;) *Co. Lit.*, 46 *b.* 270 *b.*; and the contract for renting with Meyenberg is merely an executory agreement. The appellee has no equity as against Gelston, by reason of this agreement, with Meyenberg. And at law the person holding the legal title can recover in ejectment. An injunction will not issue against one holding the legal title. *State vs. Jarrett & Harwood,* 17 *Md. Rep.*, 309.

*John Stewart* and *Wm. Pinkney Whyte,* for the appellee, contended:

That a Court of Equity had jurisdiction in such a case as this to protect the appellee against the exercise of a statutory remedy to dispossess him of premises, in violation of a provision in the very statute, but of which he could not avail himself, owing to the refusal of the appellant to disclose fully the title of Meyenberg to the premises, and of the absence of the latter in Europe, whereby the appellee was unable to summon him before the Court. *Art.* 53, *sec.* 5, *Code of Public General Laws;* `Mousley vs. Wilson,* 1 *Md. Ch. Dec.*, 390.

This is a clear case, where no default or neglect occurred in the Court of Common Pleas on the part of the appellee, but where the appellant refused to disclose the title of Meyenberg to the premises fully, so as to show whether he claimed under a transfer made *since the commencement of the lease,* and where the party, Meyenberg, could not then be reached by the process of the Court. The appellant thus obtaining an advantage improperly gained, seeks to exercise it against conscience.

In such cases, it is well settled by Maryland decisions, that Courts of Equity will control judgments obtained by accident, mistake, fraud *or otherwise, which would, therefore, be against conscience. Little vs. Price,* 1 *Md. Ch. Dec.*, 182.

BARTOL, J., delivered the opinion of this Court.

This is an appeal from an order of the Circuit Court of Baltimore City granting an injunction upon a bill filed by the appellee.

In the same Court a similar injunction had before been granted on a bill and amended bill filed by the same complainant against the appellant and one Wolf M. Meyenberg. The respondents in the former case, (*ante*) after filing their answers and giving bond, had taken their appeal to this Court, whereby the injunction was stayed and its operation was suspended pending the appeal. (*Blondheim et al. vs. Moore*, 11 *Md. Rep.*, 365.)

When this bill was filed that appeal was pending and undecided. The object of this proceeding seems to have been to have the injunction reinstated, upon the alleged ground of newly discovered equity in the complainant, growing out of a disclosure made in the answers of the defendants in the former case, to the effect that before the summary proceedings under the Code had been instituted by Gelston against the complainant, to obtain possession of the property occupied by the complainant as his tenant, he, Gelston, had made a contract with Wolf M. Meyenberg leasing the same for two years from the first day of July, 1866. That fact, it is supposed, if it had been known to the appellee, would have furnished him with a good legal defence under the 5th section of the 53d Article of the Code of Public General Laws, to the proceedings at law instituted by Gelston and pending in the Court of Common Pleas.

This idea is altogether erroneous, and proceeds from a misconstruction of the section of the Code above referred to.

If the appellee were tenant of Gelston for a term which ended on the 30th day of June, 1866, it would be no answer or legal defence to a proceeding instituted by Gelston to obtain restitution of the possession of the

premises, that he had made a contract of lease of the same to Meyenberg to commence on the 1st day of July, 1866. Under his contract Gelston would be bound to Meyenberg to give him possession of the premises, and would therefore be entitled to maintain his proceeding under the Code, to oust the tenant wrongfully holding over; such a lease to commence after the termination of the appellee's term was executory merely, and would furnish no legal ground for asserting that there was an outstanding, adversary title in Meyenberg, as against Gelston, such as is mentioned in the 5th section of the 53d Article of the Code. Any claim or right of Meyenberg under his lease is not adversary to Gelston, but under and through him, and the proceedings at law instituted by Gelston to obtain the possession, were in the interest and for the benefit of Meyenberg, and could not be defeated by the appellee, by invoking to his aid the title of Meyenberg.

In our opinion this bill does not present any equitable ground whatever, entitling the appellee to the injunction prayed.

The proceeding is somewhat anomalous; and considering what had been disclosed by the proceedings in the former case, we think the Circuit Court ought summarily to have dismissed this bill, as presenting substantially the same case made by the original and amended bills before exhibited by the appellee in the same Court.

The appeal in the former case of *Gelston & Meyenberg vs. Sigmund* has been decided at the present term. The opinion of this Court therein pronounced, declared that the complainant was not entitled to the relief prayed, and the injunction was erroneously granted. If the proceedings in the first case be considered as incorporated in, and forming a part of the present, which is the most favorable aspect in which it can be viewed, for the appellee; though we do not decide that it can with propriety be so treated,

then the decision already pronounced in that, would be conclusive of this; there being, as we have before said, no new ground of equity alleged by the present bill, entitling the complainant to relief. Treating this as an original bill, standing only upon the averments contained in it, there is no ground of equity whatever alleged entitling the appellee to the discovery prayed, or to the injunction. The bill sets out no right or title of the complainant in the property in question, or any right of possession in him as tenant or otherwise. The alleged contract of lease from Gelston to Meyenberg conferred no right upon the complainant, either as ground of defence in the proceedings at law or otherwise. In any aspect, therefore, in which this bill may be considered, the appellee is not entitled to relief.

The order granting the injunction must be dissolved and the bill dismissed.

*Order reversed*

*and bill dismissed.*
